1  Jordon Harlan, Esq. (CA #273978)
2  **HARLAN LAW, P.C.**
   1245 Island Avenue
3  San Diego, CA 92101
   Telephone: (619) 870-0802
4  Fax: (619) 870-0815
   Email: jordon@harlanpc.com
5
6  Adam J. Kress, Esq. (MN #0397289)
   *Pro Hac Vice to be filed*
7  Anna Rick, Esq. (MN #0401065)
   *Pro Hac Vice to be filed*
8  **JOHNSON BECKER, PLLC**
9  444 Cedar Street, Suite 1800
   St. Paul, MN 55101
10 (612) 436-1800 / (612) 436-1801(fax)
11 Email: akress@johnsonbecker.com
            arick@johnsonbecker.com
12
13 ***Attorneys for Plaintiff Nicole Hutchison***

14          **UNITED STATES DISTRICT COURT**
15          **NORTHERN DISTRICT OF CALIFORNIA**

16
17 **NICOLE HUTCHISON, an**          Case No.:
   **individual,**
18                                   **COMPLAINT AND DEMAND FOR**
                                     **JURY TRIAL**
19                    **Plaintiff,**
20 **v.**                           1.   Strict Products Liability
21
22 **FITBIT, INC., a Delaware**     2.   Negligent Products Liability
   **Corporation,**
23                                   3.   Breach of Implied Warranty of
                    **Defendant.**       Merchantability
24
25                                   4.   Breach of Implied Warranty of
26                                        Fitness for a Particular Purpose

27      Plaintiff, **NICOLE HUTCHISON** (hereafter referred to as "Plaintiff"), by
28 and through her undersigned counsel, **JOHNSON BECKER, PLLC** and

**HARLAN LAW, P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **FITBIT, INC.** (hereafter referred to as "Defendant Fitbit" or "Defendant") and upon information and belief, at all times hereinafter mentioned, alleges as follows:

<u>**NATURE OF THE CASE**</u>

1.    Defendant designs, manufactures, markets, imports, distributes and sells a wide-range of consumer electronics and tech products, including the subject "Fitbit Versa 2 Activity Tracker," which specifically includes the Model Number FB507 (referred to hereafter as "Fitbit(s)" or "subject Fitbit") that is at issue in this case.

2.    Defendant Fitbit claims that it designs and builds its Fitbit smartwatches "with the goal that you never want to take them off"[1] and boasts that its Fitbits will help you "[t]ake charge of your health."[2]  Defendant further boasts that it selects the materials used in its Fitbits "through a rigorous evaluation and testing process beyond what existing regulations require."[3]

3.    Despite these claims, Defendant designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects.  Said defects cause significant risk of bodily harm and injury to its consumers.

4.    Specifically, said defects manifest themselves when the Fitbit's lithium-ion battery starts to overheat, resulting in thermal burns, chemical burns, and fire hazards.  The Plaintiff in this case sustained a substantial burn to her wrist after wearing the subject Fitbit to help track her sleep and her weight-loss journey.

---

[1] *See* https://www.fitbit.com/global/us/product-care (last accessed July 12, 2023).

[2] *See* https://www.fitbit.com/global/us/home (last accessed July 12, 2023).

[3] *See* https://www.fitbit.com/global/us/product-care (last accessed July 12, 2023).

5.     For nearly a decade, consumers have reported sustaining thermal burns, chemical burns, rashes, infections, blisters, and allergic reactions from Defendant's various health trackers and smartwatches, resulting in at least two wide-scale recalls.[4]   However, Defendant has continued to deny any major defects with its products, and has largely maintained that a "very limited number of consumers" experience skin irritation related to its products, advising that any injuries are the result of consumer hygiene issues or overuse of the product.

6.     Defendant Fitbit knew or should have known of these defects, but nevertheless put profit ahead of safety by continuing to sell its Fitbits to consumers, failing to warn said consumers of the serious risks posed by the defects, failing to redesign the dangerously defective Fitbits so as to prevent injury, and failing to timely recall its Fitbits despite the risk of significant injuries to Plaintiff and consumers like her.

7.     Defendant Fitbit ignored and/or concealed its knowledge of these defects in its Fitbits from the Plaintiff in this case, as well as the public in general, in order to continue generating profit from the sale of said Fitbits, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

8.     As a direct and proximate result of Defendant Fitbit's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

---

[4] *See* CPSC Recall Notice from March 12, 2014 (https://www.cpsc.gov/Recalls/2014/Fitbit-Recalls-Force-Activity-Tracking-Wristband), a copy of which is attached hereto as Exhibit A.  *See also* CPSC Recall Notice from March 2, 2022 (https://www.cpsc.gov/Recalls/2022/Fitbit-Recalls-Ionic-Smartwatches-Due-to-Burn-Hazard-One-Million-Sold-in-the-U-S), a copy of which is attached hereto as Exhibit B.

1

**PLAINTIFF NICOLE HUTCHISON**

2

9.      Plaintiff is a resident and citizen of the United States of America

3

and Indiana, domiciled in the city of Indianapolis, County of Marion, State of

4

Indiana.

5

10.     On or about September 24, 2021, Plaintiff suffered serious and

6

substantial burn injuries after wearing the subject Fitbit while taking a walk.

7

These injuries were the direct and proximate result of the Fitbit's lithium-ion

8

battery overheating during the normal, directed use of the Fitbit.

9

**DEFENDANT FITBIT, INC.**

10

11.     Defendant Fitbit designs, manufactures, markets, imports,

11

distributes and sells a variety of consumer electronics and tech products,[5]

12

including smartwatches, fitness trackers, and scales, amongst others.

13

12.     Defendant Fitbit is a Delaware corporation with its principal place

14

of business located at 199 Fremont Street, San Francisco, California, 94105 and

15

as such is deemed to be a citizen of both Delaware and California.

16

**JURISDICTION & VENUE**

17

13.     This Court has subject matter jurisdiction over this case pursuant

18

to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in

19

controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

20

and there is complete diversity between the parties.

21

14.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because

22

Defendant is a resident and citizen of this district.

23

15.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391

24

because Defendant has sufficient minimum contacts with the State of California

25

and intentionally availed itself of the markets within California through the

26

promotion, sale, marketing, and distribution of its products.

27

---

28

[5] *See generally*, https://www.fitbit.com/global/us/products (last accessed July 12, 2023).

4

# FACTUAL BACKGROUND

16.   Defendant Fitbit is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the Fitbit smartwatches at issue in this litigation.

17.   Defendant claims that it designs and builds its Fitbit smartwatches "with the goal that you never want to take them off"[6] and boasts that its Fitbits will help you "[t]ake charge of your health."[7]  Defendant further boasts that it selects the materials used in its Fitbits "through a rigorous evaluation and testing process beyond what existing regulations require."[8]

18.   Despite these claims, Defendant designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

19.   These defects are not news to Defendant.   On March 2, 2022, Defendant Fitbit, in connection with the CPSC, announced a recall of over 1 million of Defendant's Fitbit Ionic Smartwatches after receiving "**115 reports in the United States (and 59 reports internationally) of the battery in the watch overheating with 78 reports of the burn injuries in the United States**."[9]  These reports included two reports of third-degree burns and four reports of second-degree burns.  An additional **forty** burn injuries were reported internationally.[10]

20.   Furthermore, Defendant and the CPSC issued a similar recall of Defendant's Fitbit Force activity-tracking wristbands back on March 12, 2014.

---

[6] *See* https://www.fitbit.com/global/us/product-care (last accessed July12, 2023).

[7] *See* https://www.fitbit.com/global/us/home (last accessed July 12, 2023).

[8] *See* https://www.fitbit.com/global/us/product-care (last accessed July 12, 2023).

[9] *See* Exhibit B.

[10] *Id.*

The recall was the result of the CPSC receiving "**about 9,900 reports of wristband causing skin irritation and about 250 reports of blistering**."[11]

21. Consumers have reported sustaining rashes, chemical burns, thermal burns, blisters, skin infections, and scarring associated with a wide variety of Defendant's various Fitbit smartwatch and fitness tracker models and designs. The following constitutes only a small sampling of these reports[12]:

    i.   February 2, 2015: "I have owned a Fitbit Flex since last summer. I have had no problems with it until recently. I have been burned twice now by the device. Approximately 1 month ago and this week. The first time the area was not as bad. The skin was red, raised and there were blistered areas. This skin burn occurred under the battery area. Recently the area has again become injured but worse."

    ii.   June 9, 2015: "Received an upgrade from the Fitbit [REDACTED], which I used everyday [sic] for 14 months, with no reaction. I use the Fitbit Charge HR and have received 2 cigar shaped burns on my left wrist. I only remove it for charging and while I shower. After the las burn I waited for a minimum week and the burn blistered and peeled off like a bad sunburn. It faded and after a week continued to us it and within a week the red marks were back and I decided to start to look if others were suffering like I was."

    iii.   September 18, 2015: "I have purchased Fitbit surge model, I had to return the first product because the batter didn' [sic] last more than 10 hours after 2 month of purchase which it should last up to 5 days when it's fully charged. The company sent me a replacement which

---

[11] *See* Exhibit A.

[12] The following reports were made by consumers to the CPSC. The date listed is the date the report of injury was sent to Fitbit, Inc. or Google, LLC.

after a month of use, it burned my wrist with blisters. I have kept the product clean and too off the watch before going to bed most of the time. This was a very painful and horrible experience."

iv.  February 17, 2016: "My Fit Bit Flex has given me terrible rashes and burns. I do not wear it while working out, just during daily use in my office job. I do not let lotion, water or soap get under it so I'm not sure why it would be causing this. I took the Fit Bit off for over a week and the burns didn't get any better, they are bad enough to need medication/ointment. This is terribly disappointing and will probably leave red scarred areas for life."

v.  April 4, 2016: "03/04/2016 - The consumer wore the [Fitbit Charge HR] like she normally does and went to work; when the consumer came home, she took the bracelet off because it was hurting her wrist. The consumer noticed a burn and blisters on her left wrist where she wore the bracelet. The consumer applied a burn cream she had in her home - Silver Sulfadiazene - and bandaged her wrist till next day. The next day, the consumer states that the blisters were not as bad but were still there. The consumer indicates that a scar will be left on her wrist. The consumer ceased use of her bracelet. The consumer states that she uses her bracelet since she wakes up till she goes to bed, for an approximate of sixteen hours daily."

vi.  March 9, 2017: "I purchased a Fitbit Charge 2 fitness tracker, which I wore for a week. I received a nasty chemical burn from it without warning or prior irritation. The burn left two "holes" on my wrist aligning with its exposed prongs for charging the battery. I immediately discontinued wearing the band and the burn is still healing two weeks later."

vii.   March 28, 2018: " I was wearing the Fitbit Alta and it woke me up in the middle of the night to a very painful sensation in my wrist so I took it off and then tried to go back to sleep and my wrist still continue to hurt so I got back up and turn the light on to check my wrist and it had caused some type of a burn I did go to the doctor and they did say that it was a chemical burn and was related to the fitbit i was wearing on my wrist and the actual outline of the Fitbit is burnt into my wrist. I have contacted Fitbit the only thing they have done was issued a refund for my Fitbit and that is understandable but I do think something needs to be tested with this product because the burn in the blisters that I had on my wrist were pretty bad and I'm a deep sleeper so I think that's why it burnt me so bad before I woke up."

viii.   June 27, 2019: "I have noticed a spreading very red purple mark under where the [Fitbit Alta HR] back which has the battery contact touches my skin. It started small but now is pretty large. It looks like someone burned me with a cigarette but I can see two deeper burns right where the two lights are flashing."

ix.   July 22, 2019: "While laying on my bed next to my 5 month old infant, not engaged in any physical activity or sweating, my Fitbit Ionic burned my left wrist in a single circular pattern. The size of circular injury was about 2-4mm across. The burn occured [sic] around 3pm on June 29. I've been wearing this device for a year and 2 months. I never experienced rash or redness or any discomfort before."

x.   November 11, 2019: "I received a burn approx 1 1/2" wide and 1/2" thick from my fitbit charge 2. I had gotten a couple of red spots in the past, but they were small and I wasn't concerned. However,

8

**COMPLAINT AND DEMAND FOR JURY TRIAL**

yesterday I felt a sparkling as if a live wire was being run across my wrist and when I pushed up my sleeve I saw the burn mark. I do have a picture of the burn. They are offering to refund me the full cost of the unit, but this is a safety hazard and I think they should be taking serious measures on this product such as a recall."

xi.    April 13, 2020: "I wear my [Fitbit Alta HR] tracker overnight to track sleeping. One day I woke up and it had burned a blister (open sore) on my wrist. I switched to other wrist and within 24 hours the other wrist had a small blister. Both under the face of the fitbit. Not the band. The open blister has not healed in6 days and feels like an electrical burn."

xii.   May 6, 2020: "I received the [Fitbit Inspire HR] as a gift - and what a terrible gift to receive. After three weeks of use, I now have a burn the size of the back of the Fitbit on my wrist, which is now starting to peel and looks like it might leave a scar. The Fitbit remained clean, I did not sweat, and there are way TOO MANY reports on these products for Fitbit to continue to make excuses for a proven and consistent design flaw."

xiii.  June 11, 2020: "My Fitbit Ionic has caused a dime sized, red, itchy, flaky, blisters with rash/burn on my left wrist. I have followed the product safety guidelines of keeping it clean, dry and not wearing it too tight. The area has persisted after discontinuing use."

xiv.   May 4, 2021: "My Fitbit Inspire HR has now burned me twice. The first burn is still healing & the second burn yesterday caused bleeding."

xv.    December 9, 2021: "My wrist had what looked like a burn on it from my FitBit. Originally I thought it was just an irritation, so I took the watch off and put it on the other wrist and the same thing started happening. This happened in August and my wrists are still

healing."

22.    By reason of the forgoing acts or omissions, the above-named Plaintiff used the subject Fitbit with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use as a fitness and health tracker.

23.    Plaintiff used the subject Fitbit for its intended purpose of tracking and monitoring her sleep habits and her health and fitness goals, and did so in a manner that was reasonable and foreseeable by the Defendant.

24.    However, the aforementioned Fitbit was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function, placing the Plaintiff and similar consumers in danger while using the Fitbits.

25.    Defendant's Fitbits possess serious defects that make them unreasonably dangerous for their intended use by consumers.

26.    Economic, safer alternative designs were available that could have prevented the Fitbit's lithium-ion battery from overheating to the point of causing burn injuries.

27.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous product, which resulted in significant and painful bodily injuries to Plaintiff.

28.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's Fitbit as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**FIRST CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY**

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST FITBIT, INC., ALLEGES AS FOLLOWS:

29.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

30.    At the time of Plaintiff's injuries, Defendant's Fitbits were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

31.    Defendant's Fitbits were in the same or substantially similar condition as when they left the possession of Defendants.

32.    Plaintiff did not misuse or materially alter the Fitbit.

33.    The Fitbits did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

34.    Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the Fitbits safe. Specifically:

    a. The Fitbits designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential for burn injuries, fires, and property damage resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Fitbits, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendant failed to warn and place adequate warnings and instructions on the Fitbits;

e. Defendant failed to adequately test the Fitbits; and

f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

35. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

<strong>SECOND CAUSE OF ACTION</strong>

<strong><u>NEGLIGENT PRODUCTS LIABILITY</u></strong>

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST FITBIT, INC., ALLEGES AS FOLLOWS:

36. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective Fitbits that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

38. Defendant failed to exercise ordinary care in the manufacture, quality assurance, quality control, distribution, advertising, warnings, promotion, sale and marketing of its Fitbits in that Defendant knew or should have known that said Fitbits created a high risk of unreasonable harm to the Plaintiff and consumers alike.

39.   Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Fitbits in that, among other things, it:

a.   Failed to use due care in designing and manufacturing the Fitbits to avoid the aforementioned risks to individuals;

b.   Placed an unsafe product into the stream of commerce;

c.   Aggressively over-promoted and marketed its Fitbits through television, social media, and other advertising outlets; and

d.   Were otherwise careless or negligent.

40.   Even though Defendant knew or should have known of the aforementioned defects, Defendant continued to market (and continue to do so) its Fitbits to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

### THIRD CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGANST FITBIT, INC., ALLEGES AS FOLLOWS:

41.   Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

42.   At the time Defendant Fitbit marketed, distributed, and sold its Fitbits, Defendant warranted that its Fitbits were merchantable and fit for the ordinary purposes for which they were intended.

43.   Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

44.   Defendant's Fitbits were not merchantable and fit for their ordinary

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1  purpose, because they had the propensity to lead to serious and substantial burn
2  injuries, as described herein in this Complaint.

3       45.    Plaintiff in this case and/or her family purchased and used the
4  Fitbit with the reasonable expectation that it was properly designed and
5  manufactured, free from defects of any kind, and that it was safe for its
6  intended, foreseeable use.

7       46.    Defendant's breach of implied warranty of merchantability was the
8  direct and proximate cause of Plaintiff's injuries and damages.

9       **WHEREFORE,** Plaintiff demands judgment against Defendant for and
10 punitive damages according to proof, together with interest, costs of suit,
11 attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff
12 reserves the right to amend the complaint to seek punitive damages if and when
13 evidence or facts supporting such allegations are discovered**.**

14 **FOURTH CAUSE OF ACTION**
15 <u>**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A**</u>
16 <u>**PARTICULAR PURPOSE**</u>

17     PLAINTIFF, FOR A FOURTHCAUSE OF ACTION AGANST FITBIT,
18 INC., ALLEGES AS FOLLOWS:

19      47.    Plaintiff incorporates by reference each preceding and succeeding
20 paragraph as though set forth fully at length herein.

21      48.    Defendant manufactured, supplied, and sold its pressure cookers
22 with an implied warranty that they were fit for the particular purpose of
23 tracking and monitoring consumers' health and fitness data.

24      49.    Members of the consuming public, including consumers such as the
25 Plaintiff, were the intended third-party beneficiaries of the warranty.

26      50.    Defendant's Fitbits were not fit for the particular purpose as a safe
27 means of tracking health and fitness data, due to the unreasonable risks of
28 bodily injury, fire, and property damage associated with their use.

51.   The Plaintiff in this case reasonably relied on Defendant's representations that its Fitbits were a safe and effective means of tracking her health and fitness data.

52.   Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

## INJURIES & DAMAGES

55.   As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident on or about September 24, 2021. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

56.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

57.   As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burn injuries she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and

1 | other expenses in an amount which shall be proven at trial.

2 | **<u>PRAYER FOR RELIEF</u>**

3 | **WHEREFORE**, Plaintiff demands judgment against the Defendant as
4 | follows:

5 | A.      That Plaintiff has a trial by jury on all of the claims and issues;

6 | B.      That judgment be entered in favor of the Plaintiff and against
7 | Defendant on all of the aforementioned claims and issues;

8 | C.      That Plaintiff recover all damages against Defendant, general
9 | damages and special damages, including economic and non-economic, to
10 | compensate Plaintiff for her injuries and suffering sustained because of the use
11 | of Defendant's defective Fitbit;

12 | D.      That all costs be taxed against Defendant;

13 | E.      That prejudgment interest be awarded according to proof;

14 | F.      That Plaintiff be awarded attorney's fees to the extent permissible
15 | under Federal and California law; and

16 | G.      That this Court awards any other relief that it may deem equitable
17 | and just, or that may be available under the law of another forum to the extent
18 | the law of another forum is applied, including but not limited to all reliefs
19 | prayed for in this Complaint and in the foregoing Prayer for Relief.

20 |

21 | **HARLAN LAW, P.C**

22 | Dated: <u>July 14, 2023</u>                    */s/ Jordon Harlan, Esq*.
23 |                                              Jordon Harlan, Esq. (CA #273978).
                                             1245 Island Avenue
24 |                                              San Diego, CA 92101
                                             Telephone: (619) 870-0802
25 |                                              Fax: (619) 870-0815
26 |                                              Email: jordon@harlanpc.com

27 |                                              *In association with*:

28 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1    .

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOHNSON BECKER, PLLC**

Adam J. Kress (MN#0397289)
*Pro Hac Vice to be filed*
Anna Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
arick@johnsonbecker.com

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28